UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

---

| | |
|---|---|
| SHELIA D. BARFIELD, ET AL. | CIVIL ACTION NO. 09-2012 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WYETH INC., ET AL. | MAGISTRATE JUDGE HORNSBY |

---

**MEMORANDUM RULING**

Before the Court is defendant Goldline Laboratories Inc.'s ("Goldline") Motion to Dismiss. (Record Document 86). Goldline's Motion to Dismiss is based on improper service of process and the plaintiffs' failure to comply with a Court order. Plaintiffs have not filed an opposition to this motion. For the reasons that follow, Goldline's Motion to Dismiss (Record Document 86) is **GRANTED**.

Goldline brings this Motion to Dismiss for improper service of process under Federal Rule of Civil Procedure 12(b)(5) for the second time. (Record Document 80, 86). In its previous Memorandum Order denying Goldline's original motion to dismiss, this Court noted that plaintiffs had failed to properly serve Goldline. Even still, the Court exercised its discretion under Rule 4m and granted plaintiffs an additional twenty-one days from May 2nd, 2012 to "provide the Court evidence of proper service on Goldline." (Record Document 85 at 2). The Court warned that failure to do so would lead to this matter being "dismissed with prejudice." See id.

"If proper service is not made within 120 days of filing the complaint, the action is subject to dismissal, without prejudice, by the district court after notice to the plaintiff." Young v. Scott Const. Equip. Co., LLC, 07-0863, 2008 WL 559692 (W.D. La. Feb. 29,

2008). Also, "[i]f the plaintiff fails...to comply with...a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41 (b). "Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule...operates as an adjudication on the merits." See id.

Goldline's Motion to Dismiss in unopposed. Further, as of the drafting of this Memorandum Ruling, plaintiffs have not filed any evidence of proper service on Goldline. Therefore, this matter must be dismissed for improper service of process *and* failure to comply with a Court order. See Young v. Scott Construction Equipment Co., L.L.C., 2008 WL 559692.

Accordingly,

**IT IS ORDERED** that Goldline's Motion to Dismiss (Record Document 86) be and is hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' case be and hereby is **DISMISSED WITH PREJUDICE**.

The Clerk is ordered to close this matter.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, on this 25th day of June, 2012.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE